64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ivan A. LARA, Plaintiff-Appellant,
v.
SEAGATE TECHNOLOGY, INC.; David Benham, Defendants-Appellees.
 No. 94-6161.
 United States Court of Appeals, Tenth Circuit.
 Aug. 24, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff brought suit in federal district court against his former employer and former supervisor, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.1981, and Oklahoma public policy. The case was tried to a jury, and the district court entered judgment reflecting the jury verdict in favor of defendants. Plaintiff appeals, alleging several points of error by the district court. We affirm.
 
 
 3
 First, plaintiff claims error in the jury instructions given by the district court. The district court instructed the jury that plaintiff carried the burden of proving, by a preponderance of the evidence, that plaintiff's race or national origin was a significant factor in his termination. Jury Instr. No. 17, Appellant's App., Vol. III at 979. In the next instruction, the district court went on to define "significant factor" as one "that has heavy weight and played an important role." Jury Instr. No. 18, id. at 981. Plaintiff claims that use of the terms "heavy" and "important" in defining "significant" constitutes reversible error because such a definition increases plaintiff's burden of proof.
 
 
 4
 We review the jury instructions as a whole, in light of the record, to determine whether they correctly state the applicable law and provide the jury with ample understanding of the issues and standards of the case. Our focus is not on whether a single instruction was faultless in every particular but whether the jury was misled in any way.
 
 
 5
 Shamrock Drilling Fluids, Inc. v. Miller, 32 F.3d 455, 459 (10th Cir.1994) (citations omitted). After thoroughly reviewing the record on appeal, including the jury instructions as a whole, we conclude that the district court's jury instructions did not incorrectly state the law or mislead the jury.[2] In addition, because we have determined on de novo review that the instructions as given correctly stated the law, we find no abuse of discretion in the district court's rejection of plaintiff's proposed instructions. See United States v. Lee, 54 F.3d 1534, 1536 (10th Cir.1995).
 
 
 6
 Next, plaintiff makes several claims of error in evidentiary rulings by the district court. Plaintiff complains that he was not allowed to call defendants' witnesses in his case-in-chief, leaving him only cross-examination opportunity, thus crippling his ability to show pretext. The record reveals that plaintiff suffered no manifest injustice as a result of the district court's discretionary evidence presentation structure. See Comcoa, Inc. v. NEC Telephones, Inc., 931 F.2d 655, 663 (10th Cir.1991).
 
 
 7
 Plaintiff also alleges error in several other evidentiary rulings by the district court. We review these rulings for an abuse of discretion. Walters v. Monarch Life Ins. Co., 57 F.3d 899, 903 (10th Cir.1995). After reviewing each of plaintiff's claims, we are not left with "a firm and definite belief that the trial court made a clear error in judgment." Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1433 (10th Cir.1993). Alternatively, even if the district court's various rulings did constitute an abuse of discretion, our review of the entire record shows that plaintiff's substantial rights were not prejudicially affected. See Hinds v. General Motors Corp., 988 F.2d 1039, 1049 (10th Cir.1993).
 
 
 8
 Finally, plaintiff finds fault with several verbal instructions and explanations by the district court. "Because a trial judge is given considerable discretion in determining the conduct of a trial, the standard for reversal on the basis of judicial misconduct in a civil trial is quite high." Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1469 (10th Cir.1994) (citation and quotation omitted). Not only do we find no reversible error in the district court's contested remarks, our review of the record as a whole reveals nothing improper or misleading about the comments.
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Because the jury instructions as a whole, and considered in light of the entire record, correctly state the law and did not mislead the jury, we need not examine whether the particular terms used by the district court precisely define the phrase "significant factor." Were we to consider the matter, however, plaintiff's argument would be unpersuasive. "[T]he trial court has discretion to choose its own wording when formulating instructions, provided they correctly state the law and adequately cover the issues involved in the case." United States v. Adams, 914 F.2d 1404, 1408-09 (10th Cir.), cert. denied, 498 U.S. 1015 (1990) and 498 U.S. 1100 (1991). The terms used by the district court in its definition of the phrase "significant factor" are generally accepted synonyms for the term "significant." See Websters 3d New Int'l Dictionary 2116 (1993)(listing "important" in definition of "significant"). Our research reveals no controlling federal or Oklahoma legal authority indicating that use of the terms "heavy" and "important" is unacceptable in defining "significant" in this context